NOT FOR PUBLICATION

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

|  |  |
|---|---|
| TRUSTEES OF THE UFCW and PARTICIPATING FOOD INDUSTRY EMPLOYERS TRI-STATE HEALTH and WELFARE FUND, et al., <br><br> Plaintiff, <br> v. <br><br> AVON FOODS, INC., <br><br> Defendant. | Civil No. 17-06952 (RBK/JS) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This suit arises from Avon Foods, Inc.'s ("Defendant") alleged failure to remit required contributions under a Collective Bargaining Agreement ("CBA") between Defendant and Trustees of the United Food and Commercial Workers Union and Participating Food Industry Employers Tri-State Health & Welfare Fund ("Plaintiff" or "Fund"). Plaintiff brings this suit against Defendant to reduce to judgement the alleged delinquent contributions. Presently before the Court is Plaintiff's motion for entry of default judgment against Defendant (Doc. No. 8). For the reasons set forth below, Plaintiff's motion is **GRANTED.**

1

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff claims that Defendant has failed to remit contributions under a CBA between the parties. (Compl. at 4). Plaintiff is an employee benefit plan for providing health benefits, retirement benefits and other insurance benefits to eligible participants, and is a multiemployer plan.[2] (Compl. at 2); *see* Employee Retirement Income Security Act of 1974 ("ERISA"), Sections 3(3), (37); 29 U.S.C. §§ 1002 (1), (3) and (37). The Fund maintains its principal place of business at 27 Roland Avenue, Suite 100, Mt. Laurel, New Jersey 08054. (Comp. at 3). Defendant maintains its principal place of business at 1275 Hornberger Avenue, Roebling, New Jersey 08554. (*Id.*).

Plaintiff and Defendant are parties to a CBA that requires Defendant to make certain contributions on behalf of its employees. (Compl. at 4). Defendant allegedly failed to make those contributions from at least December 2016 through May 2017.[3] (*Id.*). Plaintiff demanded payment "on several occasions" with no relief. (*Id.* at 5). Plaintiff thus brought this action pursuant to Sections 502(g)(2) and 505 of ERISA and requests this Court award payment of all unpaid contributions, interest, liquidated damages up to or exceeding 20 percent, reasonable attorneys' fees, court costs, and any other fees or relief which the Court deems appropriate. (*Id.*); *see also* 29 U.S.C. §§ 1132(g)(2), 1145. Defendant has, however, failed to respond or defend itself in this suit.[4] As such, in December 2017 Plaintiff requested that the Clerk of this Court enter default against

---

[1] This Court will accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)).

[2] The Fund is authorized to commence legal action on behalf of its trustees and sue in its own name. 29 U.S.C. § 1132 (d)(1). Plaintiff brings this action on behalf of its trustees, committee members, participants and beneficiaries. 29 U.S.C. § 1132.

[3] Plaintiff also alleges a Fringe Benefit delinquency for the plan years of 2015 and 2016. This allegation is not detailed further.

[4] Summons was properly executed on September 14, 2017. (Pl. Aff. at 2).

Defendant. (Doc. No. 8). The Clerk did so. Plaintiff now moves for default judgement. (Doc. No. 6).

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon a plaintiff's motion, to enter default judgement against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgement is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgement whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address several issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

## III. DISCUSSION AND ANALYSIS

### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject-matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over Defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09-3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

Here, this Court's jurisdiction is invoked pursuant to 29 U.S.C. §1132(e)(1), 28 U.S.C. § 1331, 29 U.S.C. § 1145, and 29 U.S.C. § 185. This Court thus has subject-matter jurisdiction over the instant action—there is federal question jurisdiction.

We must also determine whether there is personal jurisdiction over Defendant. This Court has personal jurisdiction over the defendant because the alleged breach took place in New Jersey and Defendant maintained and continues to maintain its principal place of business in New Jersey. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Plan is administered in this district.

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when the party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, the summons was properly executed in September 2017 and Defendant made no attempt to answer or defend the action before the Clerk appropriately issued the entry of default under Rule 55(a) on November 29, 2017.

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, it appears to the Court that Defendant is a corporation—not an infant, incompetent person, or person in military service exempted from default judgment. Rule 55(b)(2) is satisfied.

*iv. Plaintiff's Cause of Action*

Fourth, the Court must determine whether Plaintiff's complaint states a proper cause of action against Defendant. In performing the inquiry into a cause of action, the Court accepts as true a plaintiff's well-pleaded factual allegation while disregarding its mere legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (A complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Plaintiff's complaint is sufficient. Plaintiff maintains that Defendant is party to this CBA, and the CBA requires Defendant to make contributions to the Fund for health, retirement and other insurance benefits for the Defendant's employees. (Compl. at 2). Defendant failed to adequately remit required contributions. (*Id.* at 4). Plaintiff informed Defendant of these delinquencies. (*Id.* at 5). Defendant did not pay and has not defended itself in this action. (Pl. Aff. at 2-3). Therefore, the allegations set forth in the complaint are sufficient to state a claim against Defendant.

*v.* Emcasco *Factors*

Finally, the Court must consider the so-called *Emcasco* factors when determining whether to enter default judgment. The Court considers: (1) whether a defaulting party has a meritorious defense; (2) the prejudice suffered by the plaintiff seeking default; and (3) the defaulting party's culpability in bringing about default. *Bridges Fin. Grp.*, *v. Beech Hill Co.*, Inc., No. 09-2686, 2011 WL 1485435, at *3 (D.N.J. Apr. 18, 2011) (citing *Doug Brady*, *Inc. v. N.J Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987))). The Court finds that all three factors favor granting default judgment.

First, there is no showing that Defendant has a meritorious defense because Defendant has failed to respond or defend itself. Second, because Defendant has failed to defend itself, Plaintiff suffers prejudice if it does not receive a default judgment because it has no alternative means of

vindicating its claim. *See Directv, Inc. v. Asher*, No. 03-1969, 2006 WL 680533, at *2 (D.N.J. Mar. 14, 2006). Third, Defendant's failure to respond permits the Court to draw an inference of culpability on in its part. *See Surdi v. Prudential Ins. Co. of Am.*, No. 08-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008) (citing *Palmer v. Slaughter*, No. 99-899, 2000 WL 1010261, at *2 (D. Del. July 13, 2000) (when Defendant "has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgement against him is appropriate")). The *Emcasco* factors therefore weigh in favor of entering default judgment.

*vi. Conclusion*

Entry of default judgment is left primarily to the discretion of the district court. For the reasons discussed above, default judgment is appropriate.

**B. Damages**

Plaintiff maintains that under the CBA Defendant owes a total balance of $42,700.37. (Pl. Aff. at 5). The alleged delinquent payments for audits of plan years 2014, 2015, and 2016 total $32,853.71. (*Id.* at 3). The alleged balances due to the Tri-State H&W Fund for active and retired employees are $6,815.02 and $3,031.64, respectively. (*Id.* at 3-4).

Under ERISA, specifically 29 U.S.C. § 1132(g)(2), Plaintiff is entitled to reasonable attorney's fees and costs. Plaintiff requests $3,559.50 in attorney's fees ($375.00 per hour for Steven J. Bushinsky, Esquire, $290.00 per hour for David T. Szawlewicz, Esquire, and $175.00 per hour for Jeanne Fitzgerald, paralegal) and costs total $534.98. (*Id.* at 4-5). Plaintiff has provided an affidavit by Steven J. Bushinsky, Esquire, cited throughout, swearing to all stated delinquencies. The Court finds the combined bill of $4,094.48 reasonable.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment against Defendant is **GRANTED**. Defendant must pay Plaintiff **$46,794.85 in damages**. An appropriate order shall issue.

Dated:   06/06/2018                                            /s Robert B. Kugler
                                                               ROBERT B. KUGLER
                                                               United States District Judge